Martin, J.
The plaintiff alleges, that he was a partner of Gardner, and paid out of his : private monies, a large sum to Gardner and Bernard, on account of the partnership; that he gave to Gardner a note of Scott, and another of Brice and Reeves, amounting together, to $318, to be applied to the payment of a mortgage, but Gardner applied it to his own use, whereby, &c.
The widow answered, she had formally renounced the community, and was therefore not liable.
The heirs pleaded the general issue, that if any partnership ever existed between the plaintiff and Gardner, it was instituted for his sole benefit, Gardner lending his name to give credit to the plaintiff, &c.
The plaintiff had judgment for $1452 1 cent, with interest from April 3d, 1820. The defendants appealed.
The statement of facts shews, that the plaintiff gave in evidence, two drafts of Dromgoole & Gardner, in favor of Gardner & Bernard, on Bartlett & Cox, for $857 49 *434 cents, duly protested for non-payment, paid by him.
Harvey said, that the plaintiff and Gardner were in partnership for the sale of groceries ; Gardner told him he would sell out, and the witness might join either of the partners; the plaintiff said he would purchase, and did purchase Gardner’s interest in the firm. The witness became interested in the goods on hand, but he is ignorant of the terms on which the dissolution took place. Each partner complained of the other as his debtor.
Scott deposed, he owed the plaintiff about $ 100, on a note; Gardner called and had payment before it was due. He does not recollect whether it was endorsed.
Reeves said, Brice and Reeves paid to Gardner a note they had given the plaintiff but he does not recollect whether it was endorsed.
Bynum, a witness for the defendants, deposed, the plaintiff and Gardner said they wanted $1000 worth of cotton, to pay an acceptance of Bartlett & Cox. Cotton was accordingly delivered to an amount not recollected, and a negro pledged, payment was afterwards made by Gardner.
*435 A note of the plaintiff to Gardner, for §2000, dated June 4th, 1819, endorsed by the widow for herself and the heirs, was produced to J. Rippey, with the judgment recovered thereon by Rippey, against the plaintiff, and Sarah Gardner.
A motion has been made by the plaintiff and appellee, that the appeal be dismissed, the judge having certified that the statement contains a note of the evidence. I think this motion ought not to prevail; we must consider the judge meant the evidence by a note of it.
On the merits, it appears that the plaintiff has proven the payments he made for the partnership. There is no evidence that the notes he had of Scott, Brice and Reeves, were given to Gardner, to be applied, as is alleged, to the payment of a mortgage; the presumption is, that they were given to Gardner to meet the exigencies of the firm.
I agree with the defendants’ counsel, that a partner has no action against another for any sum paid for a partnership, or any funds placed in it, until a final settlement takes place, and then for the balance which appears due him.
Thomas for the plaintiff, Bullard for the defendants.
I think we ought to reverse the judgment, and ours must be for the defendants, with costs in both courts.