### LAFON'S EXECUTORS vs. DESESSART.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The petitioners stated, that Dessessart instituted against them a suit, in the district court, for a legacy left him by their testator, obtained judgment and sued out an execution, which was levied on the effects of the estate; that several judgments have been recovered for very large sums, by creditors of the deceased, and several suits are depending for other claims to a very large amount; and if Dessessart is permitted to sell the effects levied on, it is very likely that there will not be sufficient property of their testator to satisfy his creditors, to which legatees are to be postponed.

It is not in the power of an Inferior Court to deprive a party in whose favor it has rendered judgment, from the benefit which result from it, on the allegation of any fact that might have been objected to him, and prevented his obtaining judgment.

They prayed and obtained an injunction accordingly.

East'n District.
*March*, 1823.

LAFON'S EXS.
*vs.*
DESESSART.

Dessessart denied the facts stated, and the capacity of the petitioners to sue, as the year of the execution of the will had expired.

He prayed for a dissolution of the injunction on the following grounds, besides what is stated in the petition : viz. the judgment was given with the consent, and on the confession of the executors.

The district judge dissolved the injunction, and the executors appealed.

Their counsel urges that the petition contains matter sufficient to support the injunction, and should have been tried on the merits—that a legacy is not recoverable, by suit, in a court of law, till all the debts are paid. He relies on *Part.* 6, 9, 48, *Civil Code*, 202, *art.* 236 ; 2 *Domat*, 2, 2, 10. *Abat* vs. *Poyefarre*, 8 *Martin*, 433.

There is not in the petition, the allegation of any fact anterior to the judgment rendered in the district court. It forms *res judicata* between the parties. If it was correctly rendered, it ought to be executed ; if it was not, it must be set aside in the manner pointed out by law.

It is not in the power of an inferior court to deprive a party, in whose favour it has ren-

dered judgment, from the benefit which re-
sults from it, on the allegation of any fact that
might have been opposed to him, and pre-
vented his obtaining judgment.

The court had erred in granting the injunc-
tion, and, consequently, corrected its error in
dissolving it.

It is therefore ordered, adjudged and de-
creed, that the judgment be affirmed with
costs.

*Young* for the plaintiff, *Denis* for the de-
fendant.